# SUPREME COURT.

The American Society for the Prevention of Cruelty to Animals agt. Charles F. Doyle.

*Cohoes ( city of )— Fines imposed and collected for offenses under section 6, chapter 12, Laws of 1874 — Who should receive.*

The fines imposed and collected for offenses under section 6 of chapter 12, Laws of 1874, should be received by the Society for the Prevention of Cruelty to Animals.

But an action cannot be sustained against the recorder of the city of Cohoes, who has in good faith paid over the money so received by him for such fines to the chamberlain of such city before any demand was made therefor by the plaintiff.

*Rensselaer Special Term, August, 1883.*

Action by plaintiff to recover certain fines imposed and collected by the defendant as recorder of the city of Cohoes.

*E. L. Fursman,* for plaintiff.

*Charles F. Doyle,* in person, for defendant.

Ingalls, *J.* — Considering the general nature of the language employed in framing section 6 of chapter 12, Laws 1874, and regarding the purpose obviously sought to be accomplished by such statute and others relating to the same subject, and the humane and beneficial purpose contemplated thereby, I think it may fairly and reasonably be inferred that the legislature intended that the fines imposed and collected for offenses within the purview of such statute, should be received by the society designated in such statute and applied in furtherance of the objects sought to be promoted thereby.

The offense in punishment of which the fines in question were imposed is clearly within the spirit and, I think, the language of the statute referred to, and I fail to discover any statute which otherwise so disposes of such fines as to defeat the plaintiff's claim thereto. I therefore conclude that they

must inure to the benefit of the plaintiff according to the terms of such statute, and that the society is entitled thereto.

I am, however, convinced that this action cannot be sustained against the defendant herein, who seems in good faith to have paid over the money so received by him to the chamberlain of the city of Cohoes before any demand was made therefor by the plaintiff.

The defendant was and is an officer of this city, and by its charter required to pay over to its chamberlain all moneys received for fines ; and the money in question was by him paid over in obedience to that injunction. It seems to me that the words "belonging to the city," employed in the thirty-second section of the charter, were intended merely to distinguish between certain fines which the recorder is thereby permitted to receive and detain ; and those costs, fees and fines, which he is required to account for and pay over. I do not think it was intended to allow the recorder to retain in his custody the fines by him imposed and collected, with a view to determine whether some claim might not possibly be made thereto by some person or society other than the city. When· he accounted for the money and paid it over he acted in the line of his duty as·such officer, and is entitled to protection.

I perceive that the claim which was prepared and verified purports to be asserted against the city of Cohoes, and not against the defendant. My attention has been directed to the case of *Murphy* agt. *Ball* (38 *Barb.*, 262). I do not regard the doctrine of that case controlling under the facts developed in this action. In this case the fines were received by the recorder as an officer of the municipality and placed in its treasury, and duly, through the operation of the machinery of such city government, the money reached its proper destination, subject to such claims of other parties as the law recognizes which should be asserted against the city.

The complaint must be dismissed, with costs, upon the ground above stated, but without prejudice to any action or proceeding which the plaintiff may deem proper to institute.